UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 19-cr-313 (ECT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Santos Gomez Perez, | |
| Defendant. | |

Thomas M. Hollenhorst, Assistant United States Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN (for the Government); and

Kevin M. O'Brien, 7101 York Avenue, Suite 340, Edina, MN 55435 (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. The Government's Motion for Discovery, ECF No. 9;

2. Defendant's Motion for Production of *Brady* Material, ECF No. 48;

3. Defendant's Motion for Retention of Rough Notes, ECF No. 49;

4. Defendant's Motion for Disclosure of 404(b) Evidence, ECF No. 50; and

5. Defendant's Motion for Discovery, ECF No. 51.

A hearing was held on February 3, 2022. ECF No. 60. Thomas M. Hollenhorst appeared on behalf of the United States of America (the "Government"). Kevin M. O'Brien appeared on behalf of Defendant. Based upon the record, memoranda, and oral

arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1.  The Government's Motion for Discovery, ECF No. 9, is **GRANTED**. This motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses. At the hearing, Defendant had no objection to the Government's discovery requests. Tr. 6:21-25, ECF No. 62.[1]

The parties, *see infra* ¶ 5, seek the establishment of deadlines for the disclosure of any testimony the other intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C). The Government proposed that the parties make their principal expert disclosures no later than 30 days before trial and any rebuttal expert disclosures no later than 10 days prior to trial. ECF No. 9 at 2. At the hearing, Defendant had no objection to the Government's proposed timeline. Tr. 7:2-12.

Consistent with the parties' agreement, no later than 30 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 10 days prior to trial, the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

2.  Defendant's Motion for Production of *Brady* Material, ECF No. 48, is **GRANTED IN PART** and **DENIED IN PART**. Defendant seeks disclosure of evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United*

---

[1] Although the transcript has been temporarily sealed to allow for the process of redacting any personal identifiers, *see generally* D. Minn. LR 5.5, any notice of intent to request redaction was due February 23, 2022, and no such notice was filed. ECF No. 62.

2

*States*, 405 U.S. 150 (1972), and their progeny. The Government states that it "will fully comply with its discovery obligations under *Brady* and *Giglio* and will disclose any evidence 'helpful' to [Defendant]." Gov't's Resp. at 1, ECF No. 56.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87); *see United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information." (citations omitted)). "The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'" *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *accord Dones-Vargas*, 936 F.3d at 722; *see Whitehill*, 532 F.3d at 753. "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Defendant's motion is granted in part to the extent that the Government shall

3

comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act, 18 U.S.C. § 3500, and Federal Rule of Criminal Procedure 26.2 materials. *See United States v. Mazzulla*, 952 F.3d 1091, 1100 (8th Cir. 2019). If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery.

To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seeks materials that have already been produced, his motion is denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000).

3. Defendant's Motion for Retention of Rough Notes, ECF No. 49, is **DENIED AS MOOT**. Defendant requests an order directing that all law enforcement agents, including any cooperating informants, retain and preserve all rough notes taken as part of their investigation. The Government states that it "has instructed its officers and agents to retain their rough notes concerning this investigation." Gov't's Resp. at 2. As the Government has already directed its agents to preserve any rough notes pertaining to this matter, Defendant's motion is denied as moot.

4. Defendant's Motion for Disclosure of 404(b) Evidence, ECF No. 50, is **GRANTED IN PART** and **DENIED IN PART**. Defendant requests disclosure of "any bad acts or similar[-]course[-]of[-]conduct [evidence] which [the Government] intends to use at trial" as well as the identification of "the witnesses through whom such evidence will be presented at trial." ECF No. 50 at 1. The Government states that it "will fully comply with the notice requirements of Rule 404(b) of the Federal Rules of Evidence and

4

will disclose any Rule 404(b) evidence within three weeks of trial." Gov't's Resp. at 2. At the hearing, Defendant was satisfied with the Government's proposed timeline. Tr. 8:1-6.

Rule 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes, 1991

5

Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013) ("A federal criminal defendant generally has no right to know about government witnesses prior to trial." (quotation omitted)); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971) ("[T]he identity of witnesses is information the government is not normally required to supply to the criminal defendant." (quotation omitted)); *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

Therefore, consistent with the parties' agreement, no later than three weeks prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), "articulat[ing] the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). Defendant's motion is otherwise denied. If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C).

5. Defendant's Motion for Discovery, ECF No. 51, is **GRANTED IN PART** and **DENIED IN PART**. Defendant seeks materials subject to disclosure under Rule 16(a)(1)(A), (B), (E), and (G) of the Federal Rules of Criminal Procedure. Defendant also requests the recording of his original statement in the Spanish language taken by law enforcement on March 15, 2019. The Government states it "has and will continue to comply with all of its discovery obligations under the Federal Rules of Criminal

Procedure and applicable case law." Gov't's Resp. at 2. The Government further states that the March 15 recorded statement has been provided to Defendant. Gov't's Resp. at 3.

At the hearing, Defendant confirmed receipt of the recorded statement. Tr. 8:7-24. Defendant noted that the Government was still waiting on a translation of that statement into the English language,[2] and "assume[d]" the Government would provide the translation prior to trial. Tr. 8:15-24. The Government confirmed that it was still waiting on the translation. Tr. 8:21-9:9, 88:12-89:22. Following the hearing, the English-language translation of Defendant's recorded statement was provided to the Court by the Government via e-mail, copying defense counsel. These translations[3] have been deemed Exhibits 4A and 4B.

Defendant's motion is granted in part to the extent he seeks responsive information subject to disclosure under Rule 16(a)(1)(A), (B), and (E) that remains in the Government's control and has not yet been produced. Defendant's motion is further granted in part to the extent he seeks discovery and disclosures ordered produced elsewhere in this Order, including but not limited to expert disclosures under Rule 16(a)(1)(G), *see supra* ¶ 1, or that the Government is otherwise obligated to disclose by law. Defendant's motion is denied as moot as to the requested recording and translation that have since been produced and otherwise denied in all other respects. *See Johnson*, 228 F.3d at 924.

---

[2] The Court notes that defense counsel speaks Spanish. *See* Tr. 9:10-18.
[3] There are two parts to the statement. Tr. 52:10-25.

6. All prior consistent orders remain in full force and effect.

7. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: May   3   , 2022

      *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Gomez*
Case No. 19-cr-313 (ECT/TNL)