UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | File No. 19-cr-00313 (ECT/TNL) |
| Plaintiff, | |
| v. | **ORDER ACCEPTING REPORT AND RECOMMENDATION** |
| Santos Gomez Perez, | |
| Defendant. | |

---

This case is before the Court on a Report and Recommendation issued by Magistrate Judge Tony N. Leung. ECF No. 72 ("R&R"). Magistrate Judge Leung recommends denying Defendant Santos Gomez Perez's motion to suppress evidence obtained through the execution of two search warrants at an auto shop [ECF No. 52] and his motion to suppress statements made to law enforcement [ECF No. 53]. *See generally* R&R. Perez has filed objections, raising four issues, and the R&R will be reviewed *de novo*. ECF No. 74; 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3); Local Rule 72.2(b)(3). The R&R will be accepted because Magistrate Judge Leung's conclusions are correct. The following analysis assumes familiarity with the R&R.

*Standing to contest the search and seizure at the auto body shop.* Perez objects to the R&R's conclusion that he did not establish standing to assert a Fourth Amendment challenge to the evidence obtained at the auto shop, where Perez claims to have been an employee. ECF No. 74 at 2, 4. The R&R noted that there was no evidence that Perez was in fact an employee but concluded that, even assuming he was, "there is no evidence in the record that the garage was the equivalent of Defendant's private office space" and that

Perez "ha[d] not put forth evidence that the garage or the cabinet in question were for his exclusive use." R&R at 11–12.  Perez first takes issue with the conclusion that there was no evidence that he was employee, ECF No. 74 at 4, but that's not the real issue.  The issue is whether, assuming Perez was an employee (as Magistrate Judge Leung did), Perez had a reasonable expectation of privacy in the area searched, which here included the work area of the shop and, more specifically, a cabinet where firearms were ultimately found.  Perez says the R&R erred in its "implication that the garage needed to be the equivalent of a private office space" and "by requiring the defendant to have absolute control over the work area and by demanding that he alone worked at the shop." *Id.* at 4, 5.

It need not be decided whether "the equivalent of a private office space" is an appropriate gloss on the requirements of standing for a challenge to a search and seizure, and it does not appear that Magistrate Judge Leung required "absolute control" over the area.  Magistrate Judge Leung correctly set out the legal standard and correctly applied it.  "The defendant moving to suppress bears the burden of proving he had a legitimate expectation of privacy that was violated by the challenged search."  *United States v. Russell*, 847 F.3d 616, 618 (8th Cir. 2017) (cleaned up).  Perez points to no evidence that he had *any* level of control over the areas at issue and does not explicitly contend that he did.  *See* ECF No. 74 at 5.  Perez has therefore not carried his burden, and Magistrate Judge Leung's reasoning on this issue is correct.

*Search of the cabinet.*  Perez objects to the search of the cabinet as exceeding the scope of the search warrant being relied on when the firearms were first found.  ECF No. 74 at 6.  Since Perez does not have standing to contest this search, it is not necessary to

2

address this objection. Nonetheless, if Perez had standing, his position would be rejected. Perez essentially says that because the warrant authorized officers to search for small items (tracking devices described as rectangular-shaped, like a black box, and about 5 by 4 by 2 inches, R&R at 3), they exceeded its scope by looking in larger areas and items (large, opaque duffle bags located in a cabinet in the center of the garage work area, which the officers opened, *id.* at 7). ECF No. 74 at 7. This does not make sense: absent some other circumstance to factor in, the officers looking for small items here could constitutionally look inside larger items.

*Statements made at the auto shop on March 14, 2019.* Perez objects to the conclusion that his statements to St. Paul Police Sergeant Rigoberto Aguirre at the auto shop during the search were not made in the course of an interrogation and were voluntary, asserting a number of errors. ECF No. 74 at 8–11.[1] First, Perez takes issue with the factual conclusion that he approached law enforcement, reasoning that Perez "was handcuffed, surrounded by up to ten police officers, and in no position to approach anyone." *Id.* at 9 (citing R&R at 15). But Sergeant Aguirre testified otherwise, Magistrate Judge Leung credited that account, and Perez has not offered any contrary record evidence. R&R at 4 (citing Tr. [ECF No. 62] 25:16–19, 75:19–24; Tr. 26:12–14), 15, 18.

Second, Perez says Sergeant Aguirre interrogated him and should have known his questions about firearms could lead to incriminating responses. ECF No. 74 at 9–10. Magistrate Judge Leung considered whether Sergeant Aguirre's questioning was

---

[1] All agree these statements were made while Perez was in custody and that Sergeant Aguirre did not advise Perez of his *Miranda* rights. R&R at 4, 5; ECF No. 74 at 8.

3

impermissible interrogation or sought permissible clarification in response to a voluntary statement by Perez, and Magistrate Judge Leung's reasoning is thorough and correct. *See* R&R at 14–18.

Third, Perez says his will was overborne and his capacity for self-determination was critically impaired. ECF No. 74 at 11. Perez says this was because his conversation with Sergeant Aguirre took place shortly after ten officers stormed the shop (where Perez says he was attempting to make a living) and Perez was ordered to the floor and handcuffed, so the conversation was with an officer backed up by several other officers while Perez was detained. *Id.* Magistrate Judge Leung considered this argument, correctly concluded that Perez was not subject to an interrogation, and pointed to the Supreme Court's guidance that "'[i]nterrogation,' as conceptualized in the *Miranda* opinion, *must reflect a measure of compulsion above and beyond that inherent in custody itself*." R&R at 17–18 (quoting *Rhode Island v. Innis*, 446 U.S. 291, 300 (1980)) (emphasis added in R&R).

*Statements made at the jail on March 15, 2019.* Perez raises two objections to the conclusion that the statements he made to Sergeant Aguirre and another officer the day following the search, when he was in custody at the county jail (and after a *Miranda* warning), should not be suppressed. The first is the statements should be suppressed as fruit of the poisonous tree. ECF No. 74 at 12. Because Magistrate Judge Leung's findings and conclusions regarding the events at the auto shop are correct, this objection must also be rejected.

The second is that the "conclusion that [Perez] knowingly, intelligently, and voluntarily, waived his *Miranda* rights by responding to Sergeant Aguirre's question after

4

he had been advised on the rights under *Miranda*" is error. *Id.* at 13. Perez says Sergeant Aguirre "engaged in intimidation, coercion and deception both in obtaining [Perez's] waiver of his" rights and in eliciting statements. *Id.* Perez bases this on the fact that the questioning occurred "[w]ithin twenty[-]four hours of experiencing the trauma produced by the violent police storming and occupation of his work space," the fact that the questioning was by the same officer whom Perez encountered during that incident, and the fact that knowledge should be attributed to Sergeant Aguirre, due to his background, "of the fear that an arrested Mexican has for his [captors], especially those cloaked with the power of the state." *Id.* Magistrate Judge Leung thoroughly and correctly addressed whether Perez knowingly, intelligently, and voluntarily waived his *Miranda* rights, concluding the Government met its burden of establishing that Perez did so. *See* R&R at 20–22. As for any fear that Perez may have felt due to his Mexican background and any knowledge Sergeant Aguirre might or should have had on that topic, Perez does not point to any evidence in the record—and there does not appear to be any—that Perez in fact experienced that particular fear,[2] that Sergeant Aguirre had that particular knowledge, or that someone like Sergeant Aguirre would or should have had that particular knowledge. Considering the evidence the Government put forth, the mere possibility that any, or even all, of those things is true is not enough to change the outcome here.

---

[2]  Perez testified for a short time during the suppression hearing and stated that he was kidnapped and beaten by police in Mexico, but there were no details; the statement was given in response to questions from Magistrate Judge Leung regarding Perez's decision to testify, and Perez was neither examined nor cross-examined on the topic. Tr. at 94:4–11. There is no evidence in the record that the experience resulted in specific fears or that Perez experienced such fears at the auto shop or jail.

5

In short, every argument Perez raises in the objections was already addressed and correctly resolved by Magistrate Judge Leung or has no merit, and Perez offers nothing now that undermines any of the R&R's conclusions. The Court has reviewed the remainder of the R&R's findings and conclusions and concludes they are correct.

### ORDER

Based on the foregoing, and on all the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1. The Objections to the Report and Recommendation [ECF No. 74] are **OVERRULED**;

2. The Report and Recommendation [ECF No. 72] is **ACCEPTED** in full;

3. Defendant's Motion for Suppression of Evidence from Search and Seizure [ECF No. 52] is **DENIED**; and

4. Defendant's Motion for Suppression of Statements [ECF No. 53] is **DENIED**.


Dated:  June 21, 2022                                s/ Eric C. Tostrud
                                                     Eric C. Tostrud
                                                     United States District Court