UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

Plaintiff,

v.

Santos Gomez Perez,

Defendant.

File No. 19-cr-313 (ECT/TNL)

**OPINION AND ORDER**

---

Representing himself, Santos Gomez Perez has filed a second motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 203. On August 18, 2022, following a three-day trial, a jury found Mr. Gomez Perez guilty of possession of firearms by an illegal alien in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2). ECF Nos. 103, 107. On December 1, 2022, Mr. Gomez Perez was sentenced to 90 months' imprisonment, followed by three years of supervised release. ECF No. 135. Mr. Gomez Perez appealed his conviction and sentence. ECF No. 138. The Eighth Circuit affirmed, ECF No. 163, and the mandate issued January 23, 2024, ECF No. 164. Mr. Gomez Perez has been serving his sentence at Federal Correctional Institution Oakdale II, in Oakdale, Louisiana; his projected release date is February 10, 2027. *See* Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Feb. 16, 2026). On July 8, 2024, Mr. Gomez Perez filed his first § 2255 motion, claiming ineffective assistance of counsel. ECF No. 172. That motion was denied. ECF No. 192. Mr. Gomez Perez now brings a second

§ 2255 motion in which he claims actual innocence. ECF No. 203. The motion will be denied as "second or successive" under § 2255(h).

Section 2255 movants are not permitted to file a "second or successive" motion unless the "appropriate court of appeals" certifies that the second or successive motion contains newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014) ("[A] federal prisoner must receive certification from the court of appeals to file a 'second or successive' § 2255 motion."); *see also Whitehorse v. United States*, No. 13-cv-2922 (PJS/JJK), 2014 WL 668176, at *2 (D. Minn. Feb. 20, 2014) (noting that a defendant may file a successive § 2255 motion based on an actual-innocence claim "if he receives . . . permission" from the court of appeals to do so). For a second § 2255 motion to be "second or successive" within the meaning of § 2255(h), the initial motion must have been "adjudicated on the merits or dismissed with prejudice." *Sellner*, 773 F.3d at 931–32.

Mr. Gomez Perez's first § 2255 motion was adjudicated on the merits and denied, ECF No. 192, which means his current motion is "second or successive." Accordingly, § 2255(h) requires him to obtain certification from the U.S. Court of Appeals for the Eighth Circuit. There is no indication he has obtained the requisite certification. *See* Docket. And Mr. Gomez Perez does not claim he has done so. *See* ECF No. 203. His current § 2255 motion will be denied on this basis. *See United States v. Welch*, No. 17-cr-251 (ADM/HB),

2023 WL 7388487, at *2 (D. Minn. Nov. 8, 2023) (stating "a prisoner cannot evade the requisite certification process by filing a second or 'successive § 2255 motion in the district court'" (quoting *Baranski v. United States*, 880 F.3d 951, 955 (8th Cir. 2018)).

District courts possess authority to issue certificates of appealability for § 2255 proceedings. *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). A substantial showing is "a showing that the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). Mr. Gomez Perez's § 2255 motion is plainly "second or successive" and cannot be decided by this Court absent the requisite authorization by the Eighth Circuit. No certificate of appealability will issue.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that:

1.      Defendant Santos Gomez Perez's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [ECF No. 203] is **DENIED**.

2.      No certificate of appealability shall issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  February 18, 2026                           s/ Eric C. Tostrud
                                                   Eric C. Tostrud
                                                   United States District Court